# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0375 | **DATE** | May 22, 2013 |
| **CASE TITLE** | Joseph Wilkins v. Director Hickerson, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* #[4] is granted. On the court's own motion, Director Hickerson and Cermak Health Services are dismissed as Defendants. The Clerk is directed to issue summonses for Defendants Merkle, Gross, and Derengowski, and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for attorney representation #[5] is denied. Status set for 6/12/2013 is stricken and reset to 10/2/2013 at 2:30 p.m.

■ **[For further details see text below.]**                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff, Joseph Wilkins, a former detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subject to unconstitutional conditions of confinement at the Cook County Jail in 2012. More specifically, he alleges that he was housed for a month in a condemned cell that had a non-functioning sink and toilet, and that had insufficient heat, despite notifying Defendants Merkle, Gross, and Derngowski. Plaintiff further alleges that he suffered illness as a result of the conditions, and was denied health care for his serious medical condition. Plaintiff sues Defendant Hickerson in his supervisory capacity.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that Plaintiff has stated a colorable cause of action under the Civil Rights Act as to all Defendants regarding the alleged unconstitutional conditions of confinement. *Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996) (to state a valid unconstitutional condition of confinement claim, the plaintiff must be able to demonstrate that the defendants, acting with deliberate indifference, deprived him of "basic human needs" or "the minimal civilized measure of life's necessities"); *see also Vinning-El v. Long,* 482 F.3d 923, 924 (7th Cir. 2007). Plaintiff has also stated a claim for deliberate indifference to a serious medical condition. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006); *see also Wilson v. Groze,* 800 F. Supp. 2d 949, 952-53 (N.D.Ill 2011) (Castillo, J) . While a more fully developed record may belie the Plaintiff's allegations, Defendants Merkle, Gross, and Derengowski must respond to the complaint.

However, Plaintiff seemingly makes his claim against Defendant Hickerson in his supervisory capacity. Plaintiff has alleged no facts suggesting Defendant Hickerson's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at Defendant Hickerson's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).
**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

Consequently, Plaintiff has failed to state a claim for relief against Defendant Hickerson and he is dismissed as a Defendant.

Additionally, Cermak Health Services is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Accordingly, Cermak Health Services is dismissed as a Defendant.

The Clerk shall issue summonses for service of the complaint on Defendants Merkle, Gross, and Derengowski (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Jail shall furnish the Marshal with that Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has filed a motion for attorney representation. The motion is denied. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he has the presence of mind and intellectual capability to continue representing himself at this stage of the proceedings. Accordingly, his motion for attorney representation is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007). Consequently, the Court denies his motion without prejudice to renewal should the case proceed to a point that representation is appropriate.